The Honorable Bill Strait Prosecuting Attorney Fifteenth Judicial District P.O. Box 460 Dardanelle, AR 72834
Dear Mr. Strait:
This is in response to your request for an opinion on the following questions:
 1) Does the County Sheriff and Collector have any legal authority to `forgive' or alter the amount due from any taxpayer for property taxes?[1]
 2) If this is not allowed, is it `illegal' and could it be the basis for any civil or criminal sanctions?
You have asked me to consider the following specific example:
 John Smith dies in March of 1993. In October, one of John Smith's children comes in and advises the Collector that John had died in March. The Collector or someone in his office then makes an `adjustment order' which essentially removes the obligation to pay the taxes. Since taxes are paid a year behind, the estate is forgiven a year's taxes in which Mr. Jones is actually alive in addition to a prorated portion of the current year taxes.
In response to your first question regarding the sheriff/collector's general authority to `forgive' or `alter' taxes due, it is my opinion that the answer is "no," unless perhaps by `alter' you mean a change resulting from the correction of errors in the real or personal property tax books (A.C.A. 26-28-111 (1987) (requiring correction of "actual and obvious errors"), or an apportionment under A.C.A. 26-26-1115
(Supp. 1993) following the taxpayer's acquisition of a portion of a parcel of realty.[2] Whether either of these two Code sections applies will involve a fact question. I have not been provided with any information in this regard. It should perhaps be noted, however, that the assessor must first complete certain pre-numbered forms in order to effect the correction of errors under 26-28-111, and that the errors are restricted to "extension errors, erroneous property descriptions, classifications, or listings." A.C.A.26-28-111(a) and (c). With regard to A.C.A. 26-26-1115, this provision only authorizes the apportionment of real estate taxes. There is no forgiveness of taxes under this Code section.
With regard to the specific example set forth in your request, I have found no authority for forgiving the taxes that are owing. It must be noted in this regard that the taxes are "a charge upon the real and personal property taxed. . . ." A.C.A.26-34-102 (1987). Thus, the taxes remain owing notwithstanding the death of the one to whom they were assessed because they are a charge upon the property. See also A.C.A. 26-34-101
(1987) ("[a]ll taxes assessed shall be a lien upon and bind the property assessed. . . .")
With regard to payment of the tax, an executor or administrator has a duty to pay taxes assessed on real property that is in his or her care. A.C.A. 26-35-301 (1987). See also A.C.A.26-34-103 (1987) ("The personal property of any deceased person shall be liable in the hands of any executor or administrator for any tax due on the same by any testator or intestate.") Any person holding lands as executor or administrator who neglects or refuses to list or pay the taxes is liable to a devisee for any resultant damages. A.C.A. 26-35-401 (1987).
It is clear from the above provisions that taxes assessed on the property of an estate must be paid. The taxes cannot be forgiven. Thus, in response to your second question, it would generally be correct to say that an attempt to "forgive" taxes is "illegal" in that there is no legal authority for such action. With regard to the applicability of any sanctions, a conclusive determination would of course require a review of the particular facts and circumstances. According to my research, however, there are no civil or criminal statutory penalties addressed specifically to altering or forgiving taxes contrary to law. Consideration should perhaps be given to the Code provision governing removal from office for, inter alia, misfeasance in office. A.C.A. 14-14-1311 (1987).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] I assume from your question that the sheriff is the ex officio collector of taxes in this instance. See A.C.A.14-14-502 (1987).
[2] This Code section provides for the county collector's acceptance of payment in full toward any prior year's taxes currently due according to the values stated in the county assessor's notification of the allocation. A.C.A.26-26-1115(d)(1). Payment may be applied to the current tax bill as a partial payment, or receipted to a new, separate parcel number assigned to that portion. Id., at subparagraph (2).